**WEN BI FENG, Petitioner,**

**v.**

Peter D. KEISLER,[1] United States Attorney General, Respondent.

No. 06–5593–ag.

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

Wen Bi Feng, New York, NY, Pro se.

Peter D. Keisler, Assistant Attorney General; Lisa Arnold, Senior Litigation Counsel; Daniel E. Goldman, Attorney; Micheline Esguerra, Law Clerk, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Wen Bi Feng, a native and citizen of the People's Republic of China, seeks review of a November 27, 2006 order of the BIA affirming the May 27, 2005 decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Bi Feng*, No. A97 959 023 (B.I.A. Nov. 27, 2006), *aff'g* No. A97 959 023 (Immig. Ct. N.Y. City May 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Here, we find that substantial evidence supported the agency's adverse credibility determination. The agency cited several discrepancies between Feng's testimony before the IJ and the record evidence: (1) the inconsistent dates Feng provided as to when he allegedly began practicing Falun Gong; (2) the omission from his written asylum application, his interview with the asylum officer, and his father's letter that, as Feng testified, officials visited his parents' home looking for him in April 2003 and July 2004; and (3) the inconsistency between Feng's testimony that he hid at a friend's house beginning in October 2002 and the friend's letter alleging that Feng came to his home in mid-December 2002. Feng offered explanations for these discrepancies, but nothing in the record of this case demonstrates that a reasonable fact-finder would have been compelled to credit them. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003). These discrepancies were each material to Feng's asylum claim, and the agency properly relied on their cumulative impact in concluding that Feng's testimony was not credible. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006); *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Feng has thus not met the "strict standard" for overcoming the adverse credibility judgment. *See Wu Biao Chen,* 344 F.3d at 275–76.

The adverse credibility determination as to Feng's asylum claim necessarily precludes success on his claim for withholding of removal as the only evidence of a future threat to his life or freedom depended upon his credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). The same is true for Feng's CAT claim, which rests upon the same factual predicate.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DISMISSED as moot.